Bullock Motor Company, Plaintiff in Error, v. Edgar James, Defendant in Error.

Gen. No. 17,192.

MUNICIPAL COURT—*when substantial justice is done.*  Substantial justice is done in an action in the Municipal Court of Chicago for an alleged balance due for an engine furnished defendant where judgment is entered for defendant for $180 on his set-off, the evidence tending to show that plaintiff for $388 was, within a certain time, to completely install an engine in defendant's boat which would make sixteen miles an hour, and that defendant paid $180 and gave an engine worth $90 on account, but that performance was five days late and that the engine furnished would make only nine miles an hour.

Error to the Municipal Court of Chicago; the HON. CHARLES N. GOODNOW, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed November 7, 1912.

HENRY T. CHACE, JR., for plaintiff in error.

E. W. ADKINSON, for defendant in error.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

This writ of error is prosecuted to reverse a judgment of the Municipal Court of Chicago for $180 and costs, rendered in a fourth class suit in favor of Edgar James, defendant in error (defendant below and hereinafter called defendant), against Bullock Motor Co., plaintiff in error (plaintiff below and hereinafter called plaintiff). The case was tried before the court without a jury, and the court found the issues against plaintiff on defendant's claim of set-off, and assessed defendant's damages at the sum of $180, upon which finding the judgment was entered.

On September 14, 1910, plaintiff commenced an attachment suit in said court against defendant by virtue of certain provisions of chapter 12 of the Revised Statutes concerning "Attachment of Water Craft." It was stated in the affidavit for attachment that "the plaintiff, Bullock Motor Co., has a just demand against Edgar James, the defendant, on account of an 18-horse power T. & M. copper jacket gasoline engine, installed with muffler in the boat of the defendant, named Gibson Girl, and that the balance due plaintiff from defendant on said account is $140." An attachment writ was issued, which commanded the bailiff to "attach the said Gibson Girl, her tackle, apparel and furniture to satisfy such demand," etc., which was done. Subsequently the attachment was released upon defendant filing a bond. Defendant filed an affidavit of merits to plaintiff's claim and also a claim of set-off. The affidavit of merits stated that

"Plaintiff failed to install an 18 H. P. T. & M. Marine gasoline engine, copper jacket, complete equipment with reverse gear, by June 10, 1910, guaranteed to make sixteen miles per hour as per agreement, in defendant's boat, but installed an engine which does not exceed nine miles per hour, and which is worthless to defendant; that plaintiff damaged defendant's boat; that defendant was put to expense in caring for said boat because of said damage, the items of which are stated in set-off filed herewith,  *  *  * "

Defendant's statement of set-off, supported by affidavit, was,

"Defendant's claim is for damages occasioned by the failure of the plaintiff to install one 18 H. P. T. & M. Marine copper jacket complete equipment with reverse gear, as per agreement, and property and cash paid on account, to-wit:

| | |
|---|---|
| 1 9 H. P. Schmidt, 4-Cycle, 2 cylinder | $ 90.00 |
| Cash paid on account | 180.00 |
| Damages to boat | 15.00 |
| Wages for pumping out boat | 10.00 |
| | $295.00 " |

It appears from the evidence that in May, 1910, defendant was desirous of obtaining a new gasoline engine for his boat; that he met Donald Martin, agent for plaintiff corporation, engaged in the business of selling such engines, and told him that his boat was not able to keep up with other boats during races, and that he wanted an engine installed of such power that his boat could at least keep up with, if not pass, some of the fastest boats; that Martin suggested the 18-horse power T. & M. gasoline engine in question and verbally guaranteed defendant that said engine would enable the boat to run sixteen miles an hour; that defendant wanted Martin to put this guaranty in writing, which Martin agreed to do; that, thereupon, defendant said he would buy the engine, and it was agreed that the old engine then in the boat was to be taken as part

payment on the purchase price at a valuation of ninety dollars; that defendant would pay for the new engine $388, less said ninety dollars, or $300, completely installed; that, thereupon, the order for the engine was on May 27, 1910, reduced to writing, and a copy given to defendant, which order, after describing the engine and stating the price and the amount of credit to be given for the old engine, contained the words "Complete installed by June 10, 1910, $300, guaranteed sixteen miles per hour;" that at the time of giving the order defendant paid $70, and later $100 to plaintiff, and at the time the boat was launched with the new engine installed therein the sum of ten dollars for expense of launching the boat,—$180 in all, and that the engine was completely installed by June 15, 1910.

After the boat was launched several trial trips were made to test the speed of the boat with the new engine installed therein, and at no time did the boat reach a speed of sixteen miles per hour, as guaranteed. The evidence was very conflicting as to just how fast the boat could travel, but tended to the conclusion that its average speed would not exceed nine miles per hour. One witness testified that the engine as installed could not make the boat run as fast as sixteen miles per hour, and that, in his opinion, no other 18-horse power T. & M. engine could. The court seemingly took the position at the trial that defendant had purchased the engine relying on the guaranty of plaintiff that said engine would cause the defendant's boat to travel as fast as sixteen miles per hour, that the engine did not comply with the guaranty and was valueless to defendant for the purpose for which it was bought, but had a value to defendant equal at least to the value of defendant's old engine which he had delivered to plaintiff in trade, and that under the facts of the case defendant's damages, for the breach of plaintiff's guaranty, was the amount of money which defendant had paid plaintiff and had expended—viz.: $180. Counsel for plaintiff urges in this court that the finding and

judgment are against the weight of the evidence, and that the case was tried below under an erroneous or mistaken theory of the law as to burden of proof. We cannot agree with counsel and are of the opinion, under the facts disclosed from the record, that substantial justice has been done, and the judgment is accordingly affirmed

*Affirmed.*